IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARCOS ANTHONY LOPEZ-TRUJILLO, a/k/a "MARCOS LOPEZ", a/k/a "COMPA"<br><br>Defendant. | Case No. 3:22-mj-00117-KFR |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Thomas J. King, having been first duly sworn, do hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a criminal complaint and arrest warrant pursuant to Federal Rules of Criminal Procedure 3 and 4. As explained more fully below, I have probable cause to believe that MARCOS ANTHONY LOPEZ-TRUJILLO and unnamed co-conspirator(s) have committed the following federal criminal offense(s):

> Count I: On or about November 7, 2021 to January 18, 2022, within the District of Alaska, an unnamed co-conspirators and MARCOS LOPEZ-TRUJILIO conspired to distribute methamphetamine and heroin in Alaska, in violation of Title 21 U.S.C. § 846.

2. The information below is derived from my personal knowledge and experience, as well as information obtained from other law enforcement officers and other specified individuals. Because this affidavit is being submitted for the purpose of establishing

probable cause, I have not set forth each and every fact learned during the course of this investigation.

3. I am a graduate of Buffalo State College, where I obtained a Bachelor of Science in criminal justice. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Department of Justice, and have been so employed since February 14, 2001. Prior to that, I was a Special Agent with the Immigration and Naturalization Service for five years, and an Inspector with the United States Customs Service for three years.

4. I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy; as a result of my training and experience as an ATF Special Agent, I am familiar with the Federal Firearms laws. Through my experience, I have also investigated numerous cases involving 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm), 18 U.S.C. § 924(c) (Use of a Firearm in Furtherance of a Violent Crime or a Crime Involving Drug Trafficking) and 21 U.S.C. § 841 et seq (violations of the Controlled Substance Act).

## CASE SUMMARY

5. On or about November 7, 2021, to January 18, 2022, within the District of Alaska, an unnamed co-conspirators and MARCOS ANTHONY LOPEZ-TRUJILLO conspired to distribute approximately 10 pounds of methamphetamine and one kilogram of heroin in Anchorage, Alaska.

## FACTS IN SUPPORT OF PROBABLE CAUSE

6. Based on my review of law enforcement reports, conversations with other law

U.S. v. Marcos Anthony Lopez-Trujillo
3:22-mj-00117-KFR            Page 2 of 7
Case 3:22-mj-00117-KFR   Document 1-1   Filed 03/10/22   Page 2 of 7

enforcement agents, and my own knowledge of the investigation, I am aware of the following:

7. In October of 2021 I initiated an investigation into Individual 1 in Anchorage, Alaska. During undercover operations, I purchased methamphetamine from Individual 1 on three different occasions.

8. On January 18, 2022, I purchased two pounds of methamphetamine from Individual 1, and he was subsequently arrested before he could leave the scene. ATF agents recovered another three pounds of methamphetamine from Individual 1's vehicle. ATF agents also executed a federal search warrant Individual 1's residence on January 18, 2022, and seized five pounds of methamphetamine, $20,366 in United States currency, and a handgun. Individual 1's cell phone was seized, and Individual 1 later gave consent for it to be searched.

9. On or about January 26, 2022, I interviewed a Cooperating Defendant in the investigation, hereby referred to as "CD1."[1] CD1 stated that Individual 1's main source for narcotics lived in California. CD1 knew the source only as "Compa," and said Individual 1 and the man called each other "Compa." CD1 relayed the following facts about Compa: he lives in California, he and Individual 1 had previously been in prison together, he had been mailing large amounts of heroin and methamphetamine to

---

[1] CD1 has two prior convictions in the State of Alaska for shoplifting. To my knowledge, CD1 has previously provided reliable information. CD1 is cooperating in exchange for consideration in regards to possible future federal charges related to this investigation.

U.S. v. Marcos Anthony Lopez-Trujillo
3:22-mj-00117-KFR                     Page 3 of 7
Case 3:22-mj-00117-KFR   Document 1-1   Filed 03/10/22   Page 3 of 7

Individual 1 from California to Alaska, Individual 1 mailed cash payments to Compa, and Individual 1 and Compa had met in Las Vegas, in December 2021, and stayed in the Cosmopolitan Hotel. CD1 also showed me a photograph taken of Individual 1 and Compa together, in Las Vegas. I photographed that photo.

10. CD1 also revealed that Compa had mailed a package of heroin just before Individual 1 was arrested. At that time, CD1 believed the package was in Individual 2 and/or Individual 3's possession, because they had been paid by Individual 1 to receive the package. CD1 clarified that Individual 2 and Individual 3 are people that Individual 1 has paid on several prior occasions to receive packages of narcotics in the mail for Individual 1, in return for payment.

11. Further investigation resulted in federal search warrants, being executed at the residences of Individual 2 and Individual 3, and a consent search at the residence of one of Individual 3's relatives. One kilogram of heroin was seized at the relative's residence. Individual 2 and Individual 3 both admitted that for several months they had been receiving packages from California, on behalf of Individual 1. Both knew the packages contained narcotics, and they were paid by Individual 1 for receiving the packages. Individual 2 and Individual 3 were responsible for receiving the ten pounds of methamphetamine and one kilogram of heroin that had been recently seized from Individual 1.

12. I had the contents of Individual 1's cell phone downloaded, but the technician that downloaded the phone advised me that the contents of the "Signal" application were not downloaded. Signal is an end-to-end encrypted communication application, used for

U.S. v. Marcos Anthony Lopez-Trujillo
3:22-mj-00117-KFR    Page 4 of 7
Case 3:22-mj-00117-KFR   Document 1-1   Filed 03/10/22   Page 4 of 7

secure texting and calling. I observed the Signal app on Individual 1's phone, and manually searched and documented the contents in the app, which consisted of texts, voice message texts, and logs of all received and sent phone calls.

13. While texting each other about an upcoming trip to Las Vegas where they planned to meet, Compa texted Individual 1 a picture of the reservation he had made for the Cosmopolitan Hotel; the name on the reservation was Marcos LOPEZ-Trujillo (LOPEZ).

14. ATF investigative assistant ("IA") Bill Tunilla conducted numerous intelligence checks and identified LOPEZ and determined that LOPEZ lives at the SUBJECT PREMISES. IA Tunilla provided me with a federal booking photo of LOPEZ, his California DMV photo, and his passport photo. I compared these photos to the photo CD1 provided of Compa and Individual 1 when they were in Las Vegas, and observed that LOPEZ appears to be the same person as Compa.

15. In December of 2021, Individual 1 and LOPEZ were texting each other about the weather, and LOPEZ texted a picture of himself to show that he was cold. I compared this photo to the aforementioned photos and also observed that the person in the photograph appears to be LOPEZ.

16. I examined the Signal messages between Individual 1 and LOPEZ from November 7, 2021, through January 18, 2022. LOPEZ used three different phone numbers linked to Signal accounts during this time frame. LOPEZ and Individual 1 communicated extensively about drug trafficking. The messages indicate that LOPEZ would send Individual 1 heroin and methamphetamine through the US Postal Service, and Individual 1 would send money back to him through the US Postal Service. LOPEZ would often

U.S. v. Marcos Anthony Lopez-Trujillo
3:22-mj-00117-KFR          Page 5 of 7
Case 3:22-mj-00117-KFR   Document 1-1   Filed 03/10/22   Page 5 of 7

send Individual 1 pictures of US Postal receipts with tracking numbers, to show when suspected narcotics had been shipped to Individual 1. Individual 1 would do the same thing to show when suspected money shipments had been sent to LOPEZ.

17. While examining the messages between LOPEZ and Individual 1, I observed that they were both using the term "clear" as coded language for methamphetamine, and "tires" for heroin. In my experience I have observed that "clear" is a very common coded term for methamphetamine and I believe Individual 1 and LOPEZ used the word "tires" for heroin because both heroin and tires are black.

18. From November 7, 2021, through January 18, 2022, LOPEZ provided four different addresses in California that he wanted Individual 1 to ship money to, including his own address, 10113 Schmidt Road, South El Monte, CA 91733. One time when LOPEZ provided his address, he directed that the recipient be a person by the name of J.P. IA Tunilla was able to verify that J.P. is LOPEZ's minor son.

19. On January 15, 2022, LOPEZ texted Individual 1 to let him know a package was on the way. At first LOPEZ thought it had "landed" but then clarified it was still in transit. LOPEZ then texted Individual 1 two pictures of a US Postal Service receipt, showing that a package had recently been shipped from California to Anchorage, Alaska.

20. On January 18, 2022, LOPEZ texted Individual 1, "all boxes out for delivery homie". Individual 1 texted back asking, "just the clear (methamphetamine)…..no tires (heroin).." LOPEZ replied back, texting a voice mail message where in effect he said he had already told Individual 1 that the methamphetamine was coming first, and the heroin would come later.

U.S. v. Marcos Anthony Lopez-Trujillo
3:22-mj-00117-KFR Page 6 of 7
Case 3:22-mj-00117-KFR Document 1-1 Filed 03/10/22 Page 6 of 7

21. On January 18, 2022, at 6:47 p.m. Individual 1 texted in effect that the 10 pounds of methamphetamine had been received, and Individual 1 already had plans for it to all be sold. Individual 1 then sent a follow up text inquiring again about the heroin, and if it was on the way. Individual 1 was arrested by ATF shortly after that.

## CONCLUSION

22. For the reasons stated above, I have probable cause to believe that Marcos LOPEZ-TRUJILLO has committed violations of 21 U.S.C. § 846 (conspiracy or attempt to distribute methamphetamine and heroin). Accordingly, I ask the court to issue a warrant for MARCOS LOPEZ-TRUJILLO's arrest in accordance with Federal Rule of Criminal Procdeure 4(a).

RESPECTFULLY SUBMITTED,

THOMAS KING
Digitally signed by THOMAS KING
Date: 2022.03.09 11:23:35 -09'00'

Thomas J. King
Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives

Telephonically sworn to, and electronically signed.   March 09, 2022

UNITED STATES MAGISTRATE JUDGE

U.S. v. Marcos Anthony Lopez-Trujillo
3:22-mj-00117-KFR                    Page 7 of 7
Case 3:22-mj-00117-KFR   Document 1-1   Filed 03/10/22   Page 7 of 7